UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00005-GNS-HBB

JOSEPH KELLAR                                                                    PLAINTIFF

v.

MH EQUIPMENT CORPORATION, and
MH EQUIPMENT OHIO, LLC                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (DN 6). For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

Plaintiff Joseph Kellar ("Plaintiff") was an employee of Sun Products Corporation located in Warren County, Kentucky. (Notice Removal Ex. 2, ¶ 1, DN 1-2 [hereinafter Compl.]). Plaintiff alleges that he was injured while driving a forklift at Sun Products Corporation on December 17, 2015. (Compl ¶ 2). Plaintiff brought suit in Warren Circuit Court on December 19, 2016, against the maintenance vendors hired by Sun Products Corporation, Defendants MH Equipment Corporation and MH Equipment Ohio, LLC, (collectively "Defendants"). (Compl. ¶ 11). Defendants subsequently removed the case to this Court. (Notice Removal, DN 1). Defendants seek to dismiss the case arguing that it is barred by the one-year statute of limitations contained in KRS 413.140. (Defs.' Mot. Dismiss, DN 6). This matter is ripe for adjudication.

### II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.

### III. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### IV. DISCUSSION

Defendants assert that this matter is time barred due to the one-year statute of limitations for personal injury claims because Plaintiff's forklift accident occurred on December 17, 2015, and the Complaint was not filed until December 19, 2016. (Defs.' Mot. Dismiss 1). Plaintiff agrees that the one-year statute of limitations embodied in KRS 413.140 applies, yet argues that because December 17, 2016, fell on a Saturday, the statute of limitations was tolled until the following Monday, December 19, 2016. (Pl.'s Resp. Defs.' Mot. Dismiss 1-3, DN 7).

"In computing any period of time prescribed or allowed . . . by any applicable statute or regulation, the day of the act, event or default after which the designated period of time begins to run is not to be included." KRS 446.030(1)(a). Plaintiff's forklift accident occurred on December 17, 2015; therefore, it would appear that the statute of limitations for Plaintiff's accident expired on December 17, 2016. *See Derossett v. Burgher*, 555 S.W.2d 579, 579 (Ky. 1977). In analyzing this issue, the Court must further consider that December 17, 2016, fell on a Saturday. In this regard, KRS 446.030(1)(a) provides "the last day of the period so computed is to be included, *unless it is a Saturday [or] a Sunday . . . in which event the period runs until the end of the next day which is not one (1) of the days just mentioned.*"[1] KRS 446.030(1)(a) (emphasis added). Accordingly, the Complaint was timely filed on Monday, December 19, 2016.

In their reply, Defendants argue that because 2016 was a leap year, to be timely the Complaint should have been filed on or before Friday, December 16, 2016, which is 365 days from the date on which the statute of limitations clock began. (Defs.' Reply Pl.'s Resp. 1-2, DN 8 [hereinafter Defs.' Reply]). Under Kentucky law, however, a leap day is inclusive in a calendar year for statute of limitations purposes. KRS 446.010(49) defines a year as a calendar year, and Kentucky's highest court has held that a calendar year encompasses a leap year. *Rice v. Blair*, 166 S.W. 180, 180 (Ky. 1914) ("As the word 'year' means a calendar year, it is immaterial that the year 1912 was leap year."). This is consistent with the law of other states that define a year as a calendar year. *See Merriweather v. City of Memphis*, 107 F.3d 396, 399 (6th

---

[1] Kentucky Civil Rule 6.01 provides the same. *See* CR 6.01 ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, [or] event . . . after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday [or] a Sunday . . . , in which event the period runs until the end of the next day which is not a Saturday or a Sunday . . . .").

Cir. 1997) (noting that Tennessee law defines a year in terms of a calendar year, rather than a number of days, and "Tennessee's use of a calendar year reaches the same result as a state law relying on a day count that allows an additional day in a leap year." (citing Tenn. Code Ann. § 1-3-105)); *LaRosa v. Cove Haven, Inc.*, 840 F. Supp. 319, 321 (M.D. Pa. 1993) (holding that the use of the words "calendar year" in a Pennsylvania statute clearly demonstrates the legislature meant that statutes of limitation run from anniversary date to anniversary date without regard to leap years); *Kowalski v. Hereford L'Oasis*, 79 P.3d 319, 321 (Or. Ct. App. 2003) ("[T]he word 'year' as used in a statute of limitations, refers to a calendar year, not a 365 day period" (citing *Neff v. Jackson Cty.*, 187 67 P.3d 977 (Or. Ct. App. 2003))); *see also Bailey v. Faux*, 704 F. Supp. 1051, 1053 (D. Utah 1989) ("The calendar method is useful because it encompasses months of different length and leap years and leaves little room for confusion over when a period ends.").

Defendants rely upon two Kentucky cases that they claim support their position that a "year" only includes 365 days: *Erwin v. Benton*, 87 S.W. 291 (Ky. 1905), and *Geneva Cooperage Company v. Brown*, 98 S.W. 279 (Ky. 1906). However, these cases do not support Defendants' argument. *Erwin* does note that a year means 365 calendar days, but does not include any discussion pertaining to how a leap year affects this calculation. *Erwin*, 87 S.W. at 294. Moreover, Defendants reliance on *Geneva* is misplaced. In *Geneva*, the plaintiff commenced his action on September 19, 1904, for injuries received September 19, 1903, which was held to be outside the statute of limitations. *Geneva Cooperage Co.*, 98 S.W. at 279. The court counted the day of the injury as the accrual date for the statute of limitations and held that the plaintiff's action was time barred. *Id.* "[T]he cause of action accrued immediately upon the infliction of the injury, and the statute of limitation commenced to run on September 19, 1903,

4

and, in computing the time within which the action must be commenced, that day must be included."[2] *Id.* at 279. Under present law, the date of occurrence is **not** to be included in the calculation. *See* KRS 446.030(1)(a). *Geneva* dealt with a former statute, which has since been amended and therefore does not control.[3]

Defendants also rely on *Cuco v. Federal Medical Center-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668 (E.D. Ky. June 9, 2006). In *Cuco*, the district court calculated the amount of time that the plaintiff's claim would be equitably tolled by explaining that the one-year statute of limitations "reaches back" 365 days from the date the complaint was filed and then "reaches back" another 115 days that the claim was tolled while the plaintiff was seeking her administrative remedies. *Id*. at *26. The Court added in a footnote that the calculation of the additional days that were "tacked on" to the statute of limitations included a leap day. *Id*. at n.8. Defendants contends that *Cuco* stands "for the proposition that the applicable statute of limitation is calculated by counting backwards from the actual date of filing and takes into

---

[2] In its computations, the court expressly considered a calendar year to encompass a leap year. *Id.* at 280 ("Ordinarily there would be included in this period 365 days, but as 1904 was a leap year, one day was added. So that, giving the statute the most favorable construction, and extending the meaning of 'calendar year' to its extreme limit, the action is yet barred.").

[3] The holding in *Geneva* could be construed as being contrary to the Court's conclusion that Plaintiff had until Monday to file his claim. Again, *Geneva* is based on Section 454 of the Kentucky Statutes, which was later recodified as KRS 446.030(2). In 1970, the Kentucky General Assembly amended KRS 446.030(1) to specifically address the legal effect of the last day of a statute of limitations falling on a Saturday, Sunday, legal holiday, or day which a public office is closed. *See* Act of Mar. 30, 1970, 1970 Ky. Acts ch. 98, § 1. Under the present version of KRS 446.030(1)(a), it provides:

> The last day of the period so computed is to be included, unless it is a Saturday, a Sunday, a legal holiday, or a day on which the public office in which a document is required to be filed is actually and legally closed, in which event the period runs until the end of the next day which is not one (1) of the days just mentioned.

KRS 446.030(1)(a).

account the extra day afforded by a 'Leap Year.'" (Defs.' Reply 1). According to Defendants, if the Court "counts back" 365 days from when the Complaint was filed, the matter is not timely.

Defendants' reliance on *Cuco* is unconvincing. First, *Cuco* discusses the "reaches back" method, which the Defendants dub the "*Cuco* Methodology," in the context of equitable tolling. *Id*. at *26. The court accounted for the leap year in the extra days that were "tacked on" and did not discuss whether the extra day would have been counted if the statute of limitations computation involved a leap year. *Id*. More significantly, although a Kentucky statute of limitations is applied, *Cuco* deals with federal claims, while the present case involves purely Kentucky state law claims. *Id*. Defendants cite other cases that have used the "*Cuco* Methodology" when calculating the statute of limitations; however, none of the cited cases apply this method when calculating the statute of limitations for a Kentucky state law claim. (Def.'s Reply 2). Thus, the Court does not find some courts' use of the "*Cuco* Methodology" sufficient to override Kentucky's highest court's express statement that a calendar year is inclusive of a leap year. *See Rice*, 166 S.W. at 180.

Accordingly, the Court holds that under Kentucky law, a "calendar year" is inclusive of a leap year. *See* KRS 446.010(49); *Rice*, 166 S.W. at 180. Thus, the Complaint was timely filed on December 19, 2016, and Defendants' motion to dismiss is denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 6) is **DENIED**.

April 4, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: counsel of record