# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

_____

| | |
|---|---|
| **JOSEPH KELLAR** | ) |
| | ) |
| **PLAINTIFF** | ) **Civil Action No. 1:17cv-00005-GNS** |
| **v.** | ) **JUDGE GREG N. STIVERS** |
| | ) |
| **MH EQUIPMENT CORPORATION and** | ) |
| **MH EQUIPMENT OHIO LLC** | ) |
| | ) |
| **DEFENDANTS** | ) |

_____

## SCHEDULING ORDER

A telephonic scheduling conference was conducted in this action on May 11, 2017, with the undersigned presiding.  Participating in the conference were Mr. Timothy L. Stevenson for the Plaintiff and Mr. Harlan E. Judd, III, for the Defendants.

The Court has reviewed the joint report submitted by the parties of their proposed litigation plan, has considered the statements by counsel during the conference, and pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

(1)     **No later than May 11, 2017,** counsel for the parties shall have made all initial disclosures required of Fed. R. Civ. P. 26(a)(1).  The parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of this litigation.  Supplementations shall be made

within thirty days of first learning of the need to supplement, but **no later than** thirty days prior to the end of discovery.

**The parties are hereby informed that no witness not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i), and no exhibit which has not been provided under Fed. R. Civ. P. 26(a)(1)(A)(ii), shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or is harmless.** The Court will order the filing of final witness and exhibit lists when this case is set for trial.

(2)   **No later than February 16, 2018**, counsel for the Plaintiff shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(3)   **No later than March 30, 2018**, counsel for the Defendants shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(4)   **No later than January 2, 2018**, the parties shall file all motions to join additional parties.  All motions to amend the pleadings shall be filed by the parties **no later than January 2, 2018.**

(5)   **No later than February 16, 2018**, the parties shall complete all pretrial fact discovery.  The discovery depositions of all expert witnesses shall be completed **no**

**later than April 30, 2018**.  All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline.  The limitations placed on discovery by the parties as set out in their joint report are hereby adopted by the Court.  **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy, Kelly Lovell, at 270-393-2507, or kelly_lovell@kywd.uscourts.gov.  Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. ALL MOTIONS PERTAINING TO DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

**Non-waiver of attorney-client privilege or work-product protection.** Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation.  Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding.  As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed not later than 60 days prior to trial.

(6)   **No later than May 31, 2018**, counsel for the parties shall file all dispositive motions.  This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (<u>Daubert</u> motions).

(7)   All other limitations set forth in the Report of Parties' Planning Meeting (DN 12), to the extent they are not inconsistent with this Order, are incorporated herein.

(8)   In the event discovery is completed and neither party anticipates filing dispositive motions, or in the event no dispositive motions are filed by the deadline, counsel shall notify the Magistrate Judge's Courtroom Deputy and the case will be set for a status conference.  Upon resolution of any dispositive motions which are filed, the court will enter appropriate orders regarding the scheduling of this case toward final resolution, if necessary.

(9)   Upon request, the Court will set this matter for a settlement conference before the Magistrate Judge.

(10)   A telephonic status conference shall be conducted on **May 7, 2018, commencing at 9:00 a.m., CDT.**   The call will be initiated by the Court.  **If the parties agree to amendment of the deadlines established by this or any subsequent scheduling order, they may tender an agreed order.  Agreed orders may not extend deadlines "in general" or "until further orders of the court," and must contain specific deadlines dates.**

ENTERED this

Copies to:     Counsel of Record

0/03